**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| COURTNEY ARGRO, on behalf of himself and others similarly situated, ) ) ) ) ) | |
| Plaintiff, ) | CASE NO. 8:13-cv-2258-T-27AEP |
| v. ) ) | |
| SOFIDEL AMERICA CORP., CELLYNNE INVESTMENTS, INC., PATRICE MINGUEZ, individually, LUIGI LAZZARESHI, individually, and JEROME BARETH, individually ) ) ) ) ) ) ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE, FOR THIRTY-DAY ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS

Defendants, SOFIDEL AMERICA CORP, CELLYNNE INVESTMENTS, INC., PATRICE MINGUEZ, LUIGI LAZZARESHI, and JEROME BARETH (collectively "Defendants"), by and through their undersigned counsel, and pursuant to Rule 26 and 6 of the Federal Rules of Civil Procedure, hereby move the Court for entry of a protective order that limits Plaintiff's written discovery requests to those permitted by the scheduling order that is typically entered in cases arising under the Fair Labor Standards Act ("FLSA"). In the alternative, Defendants request a thirty (30) day enlargement of time to respond to Plaintiff's written discovery requests. In support this motion, Defendants state as follows:

1.      This action originated on or about July 29, 2013, when Plaintiff filed a civil action against Defendants in the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida, alleging one count for unpaid overtime wages under the FLSA.

2.      On August 9, 2013, Defendant SODIFEL AMERICA CORP. was served with the Complaint.

3.      On August 12, 2013, Defendants CELLYNNE INVESTMENTS, INC. and PATRICE MINGUEZ were served with the Complaint.

4.      On August 13, 2013, Defendant JEROME BARETH was served with the Complaint.

5.      Along with the Complaint, Plaintiff also served initial discovery requests on nearly all of the Defendants,[1] including Requests for Admissions, Requests for Production, and Interrogatories to each of them.

6.      On August 29, 2013, Defendants timely removed this action to the Court.

7.      Although Plaintiff's only claim arises under the FLSA, the Court did not enter the scheduling order that is typically entered in cases arising under the FLSA.  *See* Exhibit A (containing examples of FLSA scheduling orders issued by judges in this Court). Rather, on September 12, 2013, the Court issued a standard Track Two Notice.  [Doc. 4].

---

[1] It should be noted that Defendant LUIGI LAZZARESHI was not served with the Complaint or any discovery requests.  Counsel for Defendants filed a response to the Complaint on behalf of <u>all</u> of the Defendants, in the spirit of cooperation.  The state court docket reflects that Plaintiff also filed discovery requests to Mr. Lazzareshi, a total of *fifteen (15)* separate discovery requests to the Defendants.

8.      In accordance with the Track Two Notice, counsel for the parties appeared for a case management conference on October 8, 2013 and filed a joint Case Management Report on October 21, 2013 [Doc. 5].

9.      On November 13, 2013, the Court entered its Case Management and Scheduling Order ("Scheduling Order").  [Doc. 6].  Pursuant to the Scheduling Order, the cutoff for discovery is May 1, 2014, the deadline for dispositive motions is June 2, 2014, and trial is set for the trial term beginning on October 6, 2014.

10.     Because Local Rule 3.05 provides that no discovery shall be conducted prior to the case management conference, the parties agreed and included language in the Case Management Report stating that Defendants' discovery responses would be due thirty (30) days after the case management conference.  Accordingly, Defendants' responses to Plaintiff's discovery requests were due on November 7, 2013.

11.     Prior to Plaintiff filing this lawsuit in Polk County, Florida, counsel for the parties attempted to engage in settlement discussions.  In the midst of these ongoing settlement discussions, Plaintiff's counsel initiated this action – presumably (and understandably) to protect his client's rights based on the applicable statute of limitations.

12.     Although counsel for Defendants removed this action to this Court (also to protect their clients' rights), they continued their good faith attempts to resolve this matter through settlement.

13.     In an effort to facilitate more meaningful settlement discussions (i.e., to save Defendants from having to incur significant attorneys' fees in preparing responses to Plaintiff's voluminous and unreasonably burdensome discovery requests), Defendants'

counsel asked Plaintiff's counsel whether he had any opposition to extending the deadline to respond to Plaintiff's discovery requests while the parties continued their settlement discussions.  Defendants' counsel also informed Plaintiff's counsel that Defendants' lead counsel, Kristyne Kennedy, had a federal jury trial from October 28 to October 31, 2013, before the Honorable Charlene Edwards Honeywell in the United States District Court, Middle District of Florida (Case No: 6:11-cv-1074-CEH-DAB), which necessarily required her attention.

14. On October 22, 2013, Plaintiff's attorney, Michael Schuette, indicated to Defendants' counsel that he did not think that Plaintiff would have any objection to an extension but that he needed to confirm this with lead counsel, John Bales.

15. In accordance with Local Rule 3.01(g), Defendants' counsel subsequently made several attempts to reach Plaintiff's counsel to confirm that Plaintiff had no objection to an extension.  On November 4, 2013, Defendants' counsel sent a letter to Plaintiff's counsel, asking them to advise whether there was any opposition to an extension.  *See* Exhibit "B" (November 4, 2013 correspondence).  Because Plaintiff's counsel did not respond to this letter, Defendants' counsel left voicemail messages for Plaintiff's counsel on November 6, 2013 and November 8, 2013.

14. On November 13, 2013, Defendants' counsel sent another email to Plaintiff's counsel, once again asking whether Plaintiff had any objection to Defendants' request for an extension.  *See* Exhibit "C" (November 13, 2013 correspondence).

15. On November 15, 2013, Defendants' counsel finally made contact with Plaintiff's counsel, who advised for the first time, and to defense counsel's surprise, that

-4-

Plaintiff opposed to Defendants' request for an extension.  Plaintiff's counsel provided no reason whatsoever for Plaintiff's opposition.

16.     In accordance with this Court's Scheduling Order, Defendants served their Rule 26 disclosures on November 15, 2013.   However, to date, Plaintiff has not yet served his Rule 26 disclosures.

17.     Plaintiff's numerous written discovery requests – directed to each and every Defendant named in this lawsuit - are overbroad, unduly burdensome, and unnecessarily and unreasonably cumulative.  Indeed, it seems apparent that Plaintiff's identical numerous requests (e.g., requesting "Plaintiff's personnel file" from all five Defendants) are designed solely for the purpose of harassing and annoying the Defendants.  As such, Defendants now seek a protective order limiting Plaintiff's written discovery requests to the very narrow issues in this FLSA lawsuit, and to the discovery permitted in this Court's standard FLSA scheduling order.  *See* Ex. A.

18.      To the extent that Defendants are required to respond to Plaintiff's written discovery requests, Defendants request an additional thirty (30) days in which to locate, identify, and obtain the information needed to respond to Plaintiff's requests.  At this very early stage of the litigation, there would be no prejudice to Plaintiff if Defendants were permitted an additional thirty (30) days to respond to Plaintiff's requests.

19.     To the extent that the parties may be able to resolve this matter without further litigation, granting this request for additional time will enable them to continue engaging in settlement discussions.

20.     Accordingly, Defendants respectfully request a thirty (30) day enlargement

of time in which to serve their responses and objections to Plaintiff's First Interrogatories to each Defendant, Plaintiff's First Requests for Admissions to each Defendant, and Plaintiff's First Requests for Production to each Defendant.

WHEREFORE, Defendants respectfully request that the Court enter an order: (1) limiting Plaintiff's written discovery requests to those permitted by the standard FLSA scheduling order; or (2) in the alternative, granting Defendants a thirty (30) day enlargement of time to respond to Plaintiff's discovery requests.  The legal authorities supporting this motion are set forth in greater detail below.

## MEMORANDUM OF LAW

### A.  The Court Should Limit Discovery to That Permitted by the Court's FLSA Scheduling Order.

Due to the volume of FLSA cases in the Middle District of Florida, this Court has adopted a policy and practice of issuing expedited scheduling orders in cases arising under the FLSA.  *See* Ex. A.  The stated purpose of these scheduling orders is to ensure the "just, speedy, and inexpensive determination" of FLSA cases.  *See* Ex. A (citing Fed. R. Civ. P. 1).  That the Middle District desires to save the parties from incurring unnecessary expenses in cases under the FLSA, and intends to encourage the prompt resolution of such cases *before discovery*, can be reasonably inferred from the language of the scheduling order, which requires a reciprocal exchange of information regarding the named plaintiff's claims, as well as an in-person settlement conference, *before* the parties engage in any formal discovery.  This allows the parties to attempt to resolve the case at an early stage, thereby avoiding an unnecessary expenditure of time and resources by both the parties and the Court.

In the instant case, Plaintiff's numerous written discovery requests – directed to each and every Defendant named in this lawsuit - are overbroad, unduly burdensome, and unnecessarily and unreasonably cumulative.   Indeed, it seems apparent that Plaintiff's identical numerous requests (e.g., requesting "Plaintiff's personnel file" from <u>all</u> five Defendants) are designed solely for the purpose of harassing and annoying the Defendants. As such, Defendants seek a protective order limiting Plaintiff's written discovery requests to the very narrow issues in this FLSA lawsuit, and to the discovery permitted by the standard FLSA scheduling order.

Requiring Plaintiff to conduct discovery in accordance with the FLSA scheduling order will serve the goal of securing the just, speedy, and inexpensive administration of justice, as set forth in Rule 1 of the Federal Rules of Civil Procedure.  Moreover, Plaintiff will not suffer any prejudice by proceeding in this manner, as the FLSA scheduling order benefits both parties by allowing them to work towards an early resolution of this case, rather than incurring attorney's fees and costs in protracted litigation.  In addition, neither party will suffer any harm by a brief stay of discovery in this case, as the case can proceed in the normal course if the parties are unable to settle this matter after engaging in good faith negotiations.

In accordance with the Federal Rules of Civil Procedure, the Court has broad discretion to grant the relief requested herein.  *See* Fed. R. Civ. P. 16(b)(4) (permitting a district court to modify a scheduling order for good cause shown); Fed. R. Civ. P. 26(c) (permitting a district court, for good cause shown, to issue an order protecting a party from annoyance, embarrassment, oppression, or undue burden or expense).  In the instant case,

requiring Plaintiff to conduct discovery in accordance with the FLSA scheduling order not only will serve the interests of the parties in reducing costs but also will preserve the scarce judicial resources of the Court. Therefore, the Court should enter a protective order limiting Plaintiff's discovery requests to the discovery permitted by the standard FLSA scheduling order.

**B.**  **The Court Should Grant Defendants an Enlargement of Time to Respond to Plaintiff's Discovery Requests.**

In the alternative, if the Court denies Defendants' request for a protective order, Defendants respectfully request that the Court grant them an additional 30 days in which to respond to Plaintiff's written discovery requests.

Under Rule 6(b)(1)(B), the Court may, for good cause, extend the time period to complete an act after the deadline has expired, as long as the party failed to act because of excusable neglect. To determine if there is excusable neglect, a court should consider the following factors: (1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993). The Eleventh Circuit has noted that, ". . . in *Pioneer,* the Supreme Court accorded primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *See Cheney v. Anchor Glass Container Corp.,* 71 F.3d 848, 850 (11th Cir.1996).

As good cause for the extension sought herein, the undersigned states that Defendants are located at various locations inside and outside the United States and that it

is difficult for counsel to obtain the exhaustive documentation sought by Plaintiff.  In addition, Defendants and their counsel have been diligent in their efforts to respond to the discovery requests before the original deadline.  Because this case was only recently filed, granting the requested extension will not prejudice any party in this case. Further, the extension sought by Defendants is not for the purpose of delay and will facilitate rather than hamper the interests of justice in this case.  Accordingly, for these reasons, if the Court denies Defendants' request for a protective order, the Court should enter an order granting Defendants' request for a 30-day enlargement of time to respond to Plaintiff's written discovery requests.

### <u>RULE 3.01(G) CERTIFICATION</u>

Undersigned counsel hereby certifies that, pursuant to Local Rule 3.01(g), she has conferred with counsel for Plaintiff in a good faith effort to resolve the issues raised by this motion and that counsel were unable to agree on the resolution of the motion.

Respectfully submitted,

*/s/ Kristyne E. Kennedy*
KRISTYNE E. KENNEDY
FBN:  0194700
COLE, SCOTT & KISSANE, P.A.
Tower Place, Suite 750
1900 Summit Tower Boulevard
Orlando, Florida 32810
Email: kristyne.kennedy@csklegal.com
Telephone: (321) 972-0028
Facsimile:  (321) 972-0099
Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 6, 2013, I filed the foregoing with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to: John Bales, Esq., 9700 Dr. Martin Luther King, Jr. Street North, Suite 400, St. Petersburg, FL 33702, jbales@JohnBales.com.

*s/ **Kristyne E. Kennedy***

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVELYN Y. PEREZ,

        Plaintiff,

v.                          Case No: 8:12-cv-2751-T-33EAJ

MEDIGLEZ WELLNESS CENTER, INC.,

        Defendant.

_____/

## FLSA SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16, the Court finds it necessary to implement a schedule tailored to meet the particular circumstances of this case which is based in part on the **Fair Labor Standards Act** ("FLSA"). Therefore, consistent with the just, speedy and inexpensive administration of justice (Fed. R. Civ. P. 1), it is

**ORDERED** that the provisions of Rule 26 (a)(1) and Local Rule 3.05 (c)(2)(B) and (d) concerning the initial disclosures and filing of a case management report are hereby waived. Instead, the parties shall comply with the following schedule:

1. No later than **fifteen (15) days** from the date of this Order, Plaintiff(s) shall answer the Court's Interrogatories (attached to this Order) under oath or penalty of perjury, serve a copy on Defendant(s), and file the answers with the Court entitled "Notice of Filing Answers to Court's Interrogatories."

2.     No later than **fifteen (15) days** after Plaintiff(s) file(s) Answers to the Court's Interrogatories, Defendant(s) shall serve on Plaintiff(s) and file with the Court a Verified Summary of all hours worked by Plaintiff(s) during each relevant pay period, the rate of pay and wages paid, including overtime pay, if any.  No later than **fifteen (15) days** after Plaintiff(s) file(s) Answers to the Court's Interrogatories, Defendant(s) shall also serve on Plaintiff(s) (but ***not*** file) a copy of all time sheets and payroll records that support or relate to the time periods in the Verified Summary.

3.     No later than **thirty (30) days** after Defendant(s) file(s) the Verified Summary, counsel for Plaintiff(s) and Defendant(s) shall meet and confer **in person** in a good faith effort to settle all pending issues, including attorney's fees and costs.[1] **No agreement, including one as to attorney's fees and costs, shall be binding until approved by the Court.** Counsel shall have full authority to settle, and shall set aside sufficient time for a thorough, detailed, and meaningful conference that is calculated to fully resolve the case by agreement.

---

[1] In the case of an individual party who is not represented by counsel, the individual shall comply with the provisions of this Order.

4.    No later than **ten (10) days** after the settlement conference, counsel shall jointly file a Report Regarding Settlement that notifies the Court whether: (1) the parties have settled the case; (2) the parties have not settled but wish to continue settlement discussions for a specific period of time; (3) the parties wish to engage in a formal mediation conference before a specific mediator on or before a specific date; (4) either party requests a settlement conference before the United States Magistrate Judge; or (5) the parties have exhausted all settlement efforts and will file immediately a Case Management Report signed by counsel for all parties.

5.    If the parties are able to agree on settlement in this case, they are directed to submit the terms of the resolution of this case within **eleven (11) days** from the date of the Notice of Settlement.

6.    The parties may consent to the conduct of all further proceedings in this case by the United States Magistrate Judge (**consent form attached**).

7.    Until further order of this Court, all discovery in this case is **STAYED**, except as provided in this Order.

8.    Either party, for good cause shown, may move to alter this schedule should circumstances warrant.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>2nd</u>

day of January, 2013.


VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies:

All Counsel of Record


Attachments:
Court's Interrogatories to Plaintiff(s)
Magistrate Judge Consent Form


4

## COURT'S INTERROGATORIES TO PLAINTIFF(S)

1.  During what period of time were you employed by the Defendant(s)?

2.  Who was your immediate supervisor?

3.  Did you have a regularly scheduled work period? If so, specify.

4.  What was your title or position? Briefly describe your job duties.

5.   What was your regular rate of pay?

6.   Provide an accounting of your claim, including:

   (a) dates

   (b) regular hours worked

   (c) over-time hours worked

(d) pay received versus pay claimed

(e) total amount claimed

7.   When did you (or our attorney) first complain to your
     employer about alleged violations of the FLSA?

8.   Was this complaint written or oral? (If a written
     complaint, please attach a copy).

9.    What was your employer's response? (If a written
      response, please attach a copy).




                    _____
                         (Plaintiff's Signature)

STATE OF FLORIDA
COUNTY OF _____


    BEFORE ME, the undersigned authority, on this day,
personally appeared _____, who
being first duly sworn, deposes and says that he/she has read
the foregoing Answers to Interrogatories, knows the contents
of same, and to the best of his/her knowledge and belief, the
same are true and correct.

    SWORN TO AND SUBSCRIBED before me on this _____ day
of_____, 20_____.

                         NOTARY PUBLIC



                         _____
Notary Stamp             Signature   of   Person  Taking
                         Acknowledgment
                         Print Name:
                         Title: Notary Public

                         Serial No. (if any):
                         Commission Expires:

8

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNY ANDRIKE,

               Plaintiff,

v.                                 CASE NO:  8:11-cv-1939-T-24AEP

MAPLE WAY COMMUNITY, INC. ET AL,

               Defendants.

_____/

## SCHEDULING ORDER

      Pursuant to Federal Rule of Civil Procedure 16, the Court finds it necessary to implement a schedule tailored to meet the particular circumstances of this case which is based on **the Fair Labor Standards Act** ("FLSA"). Therefore, consistent with the just, speedy and inexpensive administration of justice (Fed. R. Civ. P. 1), it is

      **ORDERED** that the provisions of Rule 26 (a)(1) and Local Rule 3.05 (c)(2)(B) and (d) concerning the initial disclosures and filing of a case management report are hereby waived. Instead, the parties shall comply with the following schedule:

      1.      No later than fifteen (15) days from the date of service of the complaint on the defendant(s), or the date of this order, whichever occurs later, Plaintiff(s) shall answer the Court's Interrogatories (attached to this Order) under oath or penalty of perjury, serve a copy on Defendant(s), and file the answers with the Court entitled "Notice of Filing Answers to Court's Interrogatories."

      2.      No later than fifteen (15) days after Plaintiff(s) file(s) Answers to the Court's Interrogatories, Defendant(s) shall serve on Plaintiff(s) and file with the Court a Verified Summary of all hours worked by Plaintiff(s) during each relevant pay period, the rate of pay and wages paid, including overtime pay, if any. No later than fifteen (15)

1

days after Plaintiff(s) file(s) Answers to the Court's Interrogatories, Defendant(s) shall also serve on Plaintiff(s) (but **not** file) a copy of all time sheets and payroll records that support or relate to the time periods in the Verified Summary.

3.      No later than thirty (30) days after Defendant(s) file(s) the Verified Summary, counsel for Plaintiff(s) and Defendant(s) shall meet and confer in person in a good faith effort to settle all pending issues, including attorney's fees and costs[1].  **No agreement, including one as to attorney's fees and costs, shall be binding until approved by the Court.**  Counsel shall have full authority to settle, and shall set aside sufficient time for a thorough, detailed, and meaningful conference that is calculated to fully resolve the case by agreement.

4.      No later than ten (10) days after the settlement conference, counsel shall jointly file a Report Regarding Settlement that notifies the Court whether:  (1) the parties have settled the case; (2) the parties have not settled but wish to continue settlement discussions for a specific period of time; (3) the parties wish to engage in a formal mediation conference before a specific mediator on or before a specific date; or (4) the parties have exhausted all settlement efforts and will file immediately a Case Management Report signed by counsel for all parties.

5.      If the parties are able to agree on settlement in this case, they are directed to submit the terms of the resolution of this case within eleven days from the date of the Notice of Settlement.

6.      Until further order of this Court, all discovery in this case is **STAYED**, except as provided in this Order.

---

[1] In the case of an individual party who is not represented by counsel, the individual shall comply with the provisions of this Order.

7.    Either party, for good cause shown, may move to alter this schedule should circumstances warrant.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of August, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies: Counsel of Record
Attachments:
Court's Interrogatories to Plaintiff(s)

3

## <u>COURT'S INTERROGATORIES TO PLAINTIFF(S)</u>

1.    During what period of time were you employed by the Defendant(s)?

2.    Who was your immediate supervisor?

3.    Did you have a regularly scheduled work period? If so, specify.

4.    What was your title or position? Briefly describe your job duties.

5.      What was your regular rate of pay?

6.      Provide an accounting of your claim, including:

(a) dates

(b) regular hours worked

(c) over-time hours worked

(d) pay received versus pay claimed

(e) total amount claimed

7.    When did you (or our attorney) first complain to your employer about alleged violations of the FLSA?

8.    Was this complaint written or oral? (If a written complaint, please attach a copy).

9.  What was your employer's response? (If a written response, please attach a copy).



_____

(Plaintiff's Signature)


STATE OF FLORIDA

COUNTY OF _____



BEFORE ME, the undersigned authority, on this day, personally appeared _____, who being first duly sworn, deposes and says that he/she has read the foregoing Answers to Interrogatories, knows the contents of same, and to the best of his/her knowledge and belief, the same are true and correct.


SWORN TO AND SUBSCRIBED before me on this _____ day of_____, 20___.

NOTARY PUBLIC



_____

Signature of Person Taking Acknowledgment

Notary Stamp                      Print Name:

Title: Notary Public

Serial No. (if any):

Commission Expires:


7

# EXHIBIT B

**CSK**

COLE, SCOTT & KISSANE, P.A.
ATTORNEYS AT LAW

TOWER PLACE, SUITE 750
1900 SUMMIT TOWER BOULEVARD
**ORLANDO, FLORIDA 32810**

TELEPHONE (321) 972-0000
FACSIMILE (321) 972-0099

WEBSITE www.csklegal.com
DIRECT LINE (321) 972-0029
EMAIL heather.kozlowski@csklegal.com

MIAMI – WEST PALM BEACH – TAMPA – KEY WEST – FT. LAUDERDALE WEST – NAPLES – JACKSONVILLE – ORLANDO – PENSACOLA – BONITA SPRINGS – FT. LAUDERDALE EAST

November 4, 2013

**VIA EMAIL AND U.S. MAIL**
Michael Schuette, Esq.
9700 Dr. Martin Luther King, Jr. Street North
Suite 400
St. Petersburg, FL 33702

    **RE:  Courtney Argro v. Sofidel America Corp. et al.**
    **Our File No.:  5018-1049-00**

Dear Mr. Schuette:

    This letter is provided to you in an effort to resolve a disputed claim, and is without prejudice to the interests of our clients, Sofidel America Corp., Cellynne Investments, Inc., Patrice Minguez, Luigi Lazzareshi, and Jerome Bareth.

    As you know, I recently provided you with copies of your client's payroll records.  I urge you to review these payroll records with your client, as they clearly show that he was properly paid for all hours worked, including hours over forty (40) per week.  There is simply no basis for Mr. Argro's frivolous claims and we are confident that we will prevail if we are forced to litigate this.  Nevertheless, solely in an effort to resolve this matter and avoid incurring any further expense involved in defending this, at this time my client is willing to offer Mr. Argro One Thousand Dollars and Zero Cents $1,000.00 in full and final settlement of this matter, subject to execution of an appropriate settlement agreement and general release that is acceptable in form and substance to the Company.

    As we discussed, we agreed to voluntarily produce these documents early in the lawsuit in an effort to avoid both parties continuing to spend unnecessary fees and costs.  As such please let me know as soon as possible whether you have any opposition to our Motion for a (30) day enlargement of the deadline to respond to Plaintiff's discovery requests.

    Of course, if Mr. Argro continues to pursue his meritless claims against my clients, we will seek to recover fees and costs for our defense.  Upon reviewing the payroll records provided, I am confident you and your client will agree that this matter is not worth pursuing.

    Please let me know immediately if you object to the above motion.  I look forward to hearing from you to discuss this. If you have any questions or need any assistance interpreting the records, I will be happy to go over those with you as well.

Michael Schuette, Esq.
November 4, 2013
Page 2


                              Sincerely,

                              Heather M. Kozlowski

HMK
l:\5018-1049-00\correspondence\counsel\schutte 001 re offer & ext of discovery deadline.docx

# EXHIBIT C

**From:**          Heather Kozlowski
**Sent:**          Wednesday, November 13, 2013 12:56 PM
**To:**          MPS (Michael P. Schuette) (mschuette@johnbales.com)
**Cc:**          Jillian Sotomayor
**Subject:**      Argro, Courtney vs. Cellynne Investments, Inc. and Sofidel America Corp. (CSK No: 5018-1049)

**Importance:**    High

Hello Michael,

I have been trying to reach you but we really need to file our Motion for Enlargement of Time to Respond to the Discovery Requests as you and I discussed on the phone.

We just need to advise the Court whether you object to this Motion? Please let me know today.

Thank-you,



HEATHER M. KOZLOWSKI, ESQ.

Heather.Kozlowski@csklegal.com
Telephone: (321) 972-0029
Facsimile: (321) 972-0099

Tower Place 750
1900 Summit Tower Boulevard
Orlando, FL 32810

www.csklegal.com

CSK supports National Breast Cancer Awareness Month